UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

CHRISTOPHER LACCINOLE
*Plaintiff*

Vs.                                         CA. NO.: 3:21 cv 632 (VAB)

Franchise World Headquarters, LLC,
&                                           MAY 7 2021 PM 1:26
DOES 1-10, inclusive                        FILED-USDC-CT-NEW HAVEN
*Defendants*                                **JURY TRIAL REQUESTED**

## COMPLAINT

## I. INTRODUCTION

1.    Plaintiff brings this civil action seeking remedy for violations under state and federal

      consumer protection statutes, including the Telephone Consumer Protection Act

      ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in 1991 in response to

      widespread public outrage about the proliferation of intrusive, nuisance

      telemarketing practices.  See *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745

      (2012).

2.    Plaintiff, a consumer, alleges that Franchise World Headquarters, LLC ("Subway")

      harassed him with robodialed telemarketing solicitations without the prior express

      written consent of Plaintiff.

3.    On four separate occasions, Plaintiff told Defendant to stop sending Plaintiff text

      messages.  Plaintiff texted Subway to stop, Plaintiff sent two certified letters to

      Subway to stop, and Subway even called Plaintiff to tell him that they could not

      "legally" stop sending Plaintiff text messages.  Subway refused to stop and Subway

      continued sending messages to Plaintiff for two years.

4.    The Plaintiff brings this action alleging that the Defendant Subway and Does 1-10

engaged in harassing, abusive, and prohibited conduct while soliciting for business in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA"). The Plaintiff seeks statutory damages, actual damages, and injunctive relief from each Defendant under the TCPA.

5. Subway commissioned automated telemarketing messages to send to Plaintiff's cellular telephone listed on the National Do Not Call Registry.

6. Also in violation of the TCPA, Subway failed to maintain adequate procedures to engage in telemarketing. This includes the creation, use, and accurate maintenance of an internal do not call list.

7. Plaintiff never consented to receive these calls and text messages.

8. The Plaintiff also alleges that Defendant's conduct while attempting to sell products constituted a deceptive practice in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. 42-110a *et seq.* (hereinafter "CUTPA"). The Plaintiff seeks actual damages, injunctive relief, punitive damages, costs, and attorney fees from each Defendant under the CUTPA.

9. The Plaintiff also alleges that Defendant's conduct while attempting to solicit products constituted a violation of the Connecticut Junk Telephone Message Act, Conn. Gen. Stat. 52-570c *et seq.* The Plaintiff seeks statutory damages, injunctive relief, costs, and attorney fees from each Defendant under the Act.

10. Any violations by Defendants were knowing, willful, intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## II. JURISDICTION AND VENUE

11. This Court has jurisdiction to hear the TCPA claims in this matter pursuant to 47

U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5).  See *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

12.   This Court has jurisdiction to hear the supplemental state law claims pursuant to 28 U.S.C § 1367.

13.   Venue is proper because the Defendant is a resident of the State of Connecticut and because a substantial part of the events or omissions giving rise to the claims occurred in this District, as the automated calls at issue were commissioned from this District.

### III.  PARTIES

14.   Defendant Franchise World Headquarters, LLC is located in Milford, CT, and is part of the Rental & Leasing Industry.  Defendant has approximately 350 total employees across all of its locations and generates approximately $150 million annually in sales.

15.   Defendant maintains its headquarters at 325 Sub Way, Milford, CT, 06461-3081.

16.   The Plaintiff is an adult resident of Narragansett, Rhode Island.

17.   Upon information and belief, Defendant may be served upon its registered agent in the State of Connecticut, to wit: Corporation Service Company at 100 Pearl St., 17th Floor, MC-CSC1, Hartford, CT, 06103.

18.   Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

### IV.  TCPA BACKGROUND

19.   In 1991, Congress enacted the TCPA to regulate the explosive growth of the

telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

### The TCPA Prohibits Automated Telemarketing Calls to Cellular Telephones and Numbers Charged Per Call.

20.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system (ATDS) or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service or to a number that is charged per call. See 47 U.S.C. § 227(b)(1)(A).  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  See 47 U.S.C. § 227(b)(3).

21.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

22.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

23.     In 2013, the FCC required prior express written consent for all autodialed or

4

prerecorded telemarketing calls ("robocalls") to wireless numbers and residential

lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

<u>The National Do Not Call Registry</u>

24.    The National Do Not Call Registry allows consumers to register their telephone

numbers and thereby indicate their desire not to receive telephone solicitations at

those numbers.  See 47 C.F.R. § 64.1200(c)(2).  A listing on the Registry "must be

honored indefinitely, or until the registration is cancelled by the consumer or the

telephone number is removed by the database administrator." *Id.*

25.    The TCPA and implementing regulations prohibit the initiation of telephone

solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c);

47 C.F.R. § 64.1200(c)(2).

<u>The TCPA's Internal Do Not Call List Requirements</u>

26.    The TCPA's implementing regulations prohibit any company from initiating any

telemarketing call unless the company has implemented internal procedures for

maintaining a list of persons who request not to be called by the entity. 47 C.F.R.

64.1200(d). Such internal procedures must meet certain minimum requirements to

allow the entity to initiate telemarketing calls. 47 C.F.R. 64.1200(d)(1)-(6).

27.   This includes the requirements that:

- "Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list" (47 C.F.R. 64.1200(d)(1));

- "Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list" (47 C.F.R. 64.1200(d)(2));

- Persons or entities making telemarketing calls must honor do-not-call requests within a reasonable time, not to exceed thirty days, from the date such request is made (47 C.F.R. 64.1200(d)(3));

- "A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls.  A do-not-call request must be honored for 5 years from the time the request is made." (47 C.F.R. 64.1200(d)(6)).

28.   Pursuant to 47 C.F.R. 64.1200(e), the rules set forth above in 47 C.F.R. 64.1200(d) are "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers...."

## V.  FACTUAL ALLEGATIONS

29.   Plaintiff is a person as that term is defined by 47 U.S.C. § 153(39).

30.   Plaintiff is a person as that term is referenced by Conn. Gen. Stat. 42-110a(3).

31.   Defendant is a person as that term is defined by 47 U.S.C. § 153(39).

32.   Defendant is a person as that term is referenced by Conn. Gen. Stat. 42-110a(3).

33.   Defendant is a person as that term is referenced by Conn. Gen. Stat. 52-570c.

34.   In a quest to compete with other businesses, Subway implemented a telemarketing

tool that placed automated calls to consumers using artificial, prerecorded messages to solicit Subway's products.

35.   Plaintiff did not ask for Subway to contact him regarding any products or services.

36.   As a consumer, Plaintiff purchased a cellular telephone in 2019 for residential purposes only.

37.   Plaintiff's cellular telephone is not associated with any business.

38.   Plaintiff's cellular telephone has a limited minutes plan and limited text messages plan, so that when Subway places calls or text messages to Plaintiff, Subway depletes the minutes or text messages on Plaintiff's plan.

39.   On August 7, 2019 at approximately 11:55 AM EST, Plaintiff received an artificial, prerecorded message from Subway on his cellular telephone.

40.   The message came from SMS Short Code 782929 and is represented below:



*PLAINTIFF'S FIRST REQUEST TO STOP SUBWAY MESSAGES*

41.   Less than ten minutes after receiving the message from Subway, Plaintiff sent a reply

to Subway, "Please don't send me any text messages.  Thank you."

42.   Mere seconds after Plaintiff sent his first cease and desist message, Plaintiff received

yet another text message from Subway.

43.   This response was an automatic response to Plaintiff's message.

44.   Subway responded that Plaintiff's request to stop the messages was "invalid."

45.   Plaintiff attaches the exchange from August 7, 2019 below:



46.   When Plaintiff received Subway's messages, there was no human on the other end of

the phone.

47.   Because the artificial, prerecorded messages were for telemarketing purposes,

Subway was required to have express written consent prior to making calls or

sending text messages.

48.   Plaintiff continued to receive artificial, prerecorded messages from Subway.

*PLAINTIFF'S SECOND REQUEST TO STOP SUBWAY MESSAGES*

49.   On August 13, 2019, Plaintiff mailed a certified letter to Subway's headquarters (at

325 Sub Way Milford, CT 06461-3059) via US certified mail, return receipt requested.

50. In Plaintiff's letter, he included his name, phone number, and address, and Plaintiff stated, "Please don't send me any text messages. You have the wrong number."

51. Subway employee "Jose Padilla" signed for receipt of that letter on August 15, 2019 at approximately 10:05 AM EST.

<em>PLAINTIFF'S THIRD REQUEST TO STOP SUBWAY MESSAGES</em>

52. On August 16, 2019 at 3:09 PM EST, Plaintiff received a call on his cellular telephone.

53. When Plaintiff answered the phone, a man identified himself as "Kevin from Subway Franchise Headquarters."

54. Kevin explained that he was calling Plaintiff in reference to the letter that Subway received from Plaintiff.

55. Kevin explained that someone else entered Plaintiff's phone number in Subway's database in June 2018.

56. Kevin explained that Subway cannot "legally" remove Plaintiff's phone number from their telemarketing message platform because "we can't alter a customer's account. We don't have the ability to do that."

57. Kevin explained that "we can't do it [remove Plaintiff's telephone number] without speaking to them."

58. Kevin explained that "the only way to get it to stop" is for Plaintiff to either (a) visit Subway's website and enter data to be unsubscribed, or (b) reply to the text message.

59. During the five minute call with Kevin, Plaintiff politely told Kevin, "I don't want

9

them [the text message solicitations] anymore."

60. Kevin clearly understood Plaintiff's sincere desire not to receive further text messages but according to Kevin, Subway lacked the "legal" authority to stop sending the text message solicitations to Plaintiff.

61. Plaintiff again reiterated to Kevin that he was trying to be reasonable, and he had already sent a letter to Subway, and that Subway verified that Plaintiff had the phone (since Subway was talking to Plaintiff on the phone number in question).

62. Plaintiff didn't understand why he had to go through any extra steps when Subway already knew that Plaintiff did not want the text messages.

63. After the call concluded, Plaintiff recognized that he did not want to send another text message to Subway because that would deplete the limited text messaging plan that Plaintiff paid for.

64. Plaintiff also recognized that he did not want to visit a Subway website and unwittingly agree to hidden terms of service on the website that were not disclosed to Plaintiff.

*PLAINTIFF'S FOURTH REQUEST TO STOP SUBWAY MESSAGES*

65. On August 19, 2019, Plaintiff mailed a second certified letter to Subway's headquarters (at 325 Sub Way Milford, CT 06461-3059) via US certified mail, return receipt requested.

66. In Plaintiff's letter, he included his name, phone number, and address, and Plaintiff stated the following:

> Dear Franchise World Headquarters,
> I am writing about your call to me on August 16, 2019. I cannot access your website because I do not agree to your website's terms of service. I also cannot send you text messages because I have limited text messages and

because I don't want to unknowingly agree to any hidden terms.
Please don't call me.

Sincerely,

Chris Laccinole

67. Subway employee "Jose Padilla" signed for receipt of that letter on August 21, 2019 at approximately 10:11 AM EST.

68. Despite four clear and unmistakable requests to be left alone, Defendants continued to send Plaintiff text messages more than eighty (80) times over two years on his cellular telephone.

69. Upon information and belief, Defendants employ an automatic telephone dialing system (ATDS) that employs a random or sequential generator because there was no human on the other end of the artificial, prerecorded text message.

70. The text messages originated from SMS short code 782929, which Defendant uses to transmit solicitation messages.

71. The numbers used by Defendant are known as an "SMS short code," that enabled Defendant to send SMS text messages en masse.

72. A text message containing an SMS short code is characteristic of a message sent using an ATDS that dials a large volume of telephone numbers from a prepared list.

73. Transmission of Subways short code telephone solicitations work as follows:  Private companies known as SMS gateway providers have contractual arrangements with mobile carriers to transmit two-way SMS traffic.  These SMS gateway providers send and receive SMS traffic to and from the mobile phone networks' SMS centers, which are responsible for relaying those messages to the intended mobile phone.  This

allows for the transmission of a large number of SMS messages to and from a long code.

74.    Specifically, upon information and belief, Defendant utilized a combination of hardware and software systems to send the text messages at issue in this case. The systems utilized by Defendant have the capacity to store telephone numbers using a random or sequential generator, and to dial such numbers from a list without human intervention.

75.    Defendant Subway wrote and recorded the telemarketing solicitation messages before transmitting the messages to a list of phone numbers.

76.    To send the prerecorded text messages, Defendant used a messaging platform (the "Platform") that permitted Defendant to transmit thousands of automated text messages without any human involvement.

77.    The Platform has the capacity to store telephone numbers, which capacity was in fact utilized by Defendant.

78.    The Platform has the capacity to generate sequential numbers, which capacity was in fact utilized by Defendant.

79.    The Platform has the capacity to dial numbers in sequential order, which capacity was in fact utilized by Defendant.

80.    The Platform has the capacity to dial numbers from a list of numbers, which capacity was in fact utilized by Defendant.

81.    The Platform has the capacity to dial numbers without human intervention, which capacity was in fact utilized by Defendant.

82.    The Platform has the capacity to schedule the time and date for future transmission

of text messages, which occurs without any human involvement.

83.   To transmit the messages at issue, the Platform automatically executed the following

steps:

a.   The Platform retrieved each telephone number from a list of numbers in the

sequential order the numbers were listed;

b.   The Platform then generated each number in the sequential order listed and

combined each number with the content of Defendant's prerecorded message

to create "packets" consisting of one telephone number and the message

content;

c.   Each packet was then transmitted in the sequential order listed to an SMS

aggregator, which acts an intermediary between the Platform, mobile carriers

(e.g. AT&T), and consumers.

d.   Upon receipt of each packet, the SMS aggregator transmitted each packet –

automatically and with no human intervention – to the respective mobile

carrier for the telephone number, again in the sequential order listed by

Defendant.

e.   Each mobile carrier then sent the message to its customer's mobile telephone.

84.   The above execution of these instructions occurred seamlessly, with no human

intervention, and almost instantaneously.  Indeed, the Platform is capable of

transmitting thousands of text messages following the above steps in minutes, if not

less.

85.   Further, the Platform "throttles" the transmission of the text messages depending on

feedback it receives from the mobile carrier networks. In other words, the platform

13

controls how quickly messages are transmitted depending on network congestion. The platform performs this throttling function automatically and does not allow a human to control the function.

86.   The following graphic summarizes the above steps and demonstrates that the dialing of the text messages at issue was done by the Platform automatically and without any human intervention:



87.   Plaintiff's cellular telephone number is part of the national Do Not Call registry.

88.   The prerecorded messages did not clearly state the name under which the entity is registered to conduct business that is responsible for initiating the call to Plaintiff.

89.   Despite four clear and unmistakable requests to Subway from Plaintiff to stop sending prerecorded messages, Defendants subsequently sent over 80 text messages to Plaintiff's cellular telephone.

90.   Defendants' text messages directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff purchased, and caused Plaintiff a significant amount of anxiety, frustration, and annoyance.

91.   The text messages to Plaintiff's cellular telephone number were not initiated for an

emergency purpose.

92.   The text messages were annoying, abusive, and harassing to Plaintiff.

93.   The text messages to Plaintiff invaded the privacy interests that the TCPA was intended to protect.

94.   Defendants do not maintain a written policy for maintaining a do-not-call list.

95.   Defendants have not informed and trained personnel engaged in making text messages on the use of the do-not-call list.

96.   Plaintiff incurred damages as a result of Defendants' unlawful conduct.

97.   Defendants' text messages harmed Plaintiff by causing the very harm that Congress sought to prevent-a "nuisance and invasion of privacy."

98.   Defendants' text messages harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

99.   Defendants' text messages harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

100.  Defendants' text messages harmed Plaintiff by intruding upon Plaintiff's seclusion.

101.  Defendants harassed Plaintiff by incessantly texting Plaintiff's telephone.

102.  Defendants' text messages harmed Plaintiff by causing Plaintiff aggravation and annoyance.

103.  Defendants' text messages harmed Plaintiff by wasting Plaintiff's time.

104.  Defendants' text messages harmed Plaintiff by depleting the battery life on Plaintiff's cellular telephone.

105.  Defendants' text messages harmed Plaintiff by using the limited text messages allocated to Plaintiff by Plaintiff's cellular telephone plan that he purchased.

106.   Defendants' text messages harmed Plaintiff by using data storage space in Plaintiff's

cellular telephone.

### COUNT I – Telephone Consumer Protection Act – 47 U.S.C. § 227(b)(1)(A)(iii)

107.   The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

108.   Defendants' violations of the TCPA include, but are not limited to, the following:

i.   Making and/or initiating a telephone call using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

109.   As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 for each such violation and an injunction

prohibiting future conduct in violation of the TCPA.

110.   Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for "each such violation" pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Connecticut Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT II – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(1)(iii)

111.   The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

112.   Defendants violated regulations of the TCPA including, but not limited to, the

following:

   i.    No person or entity may use an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 CFR § 64.1200(a)(1)(iii).

113.    Defendants damaged Plaintiff by calling and texting his cellular phone and using the limited minutes plan and limited text messages plan in his cellular telephone plan that Plaintiff purchased.

114.    As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

115.    Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

    1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
    2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
    3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
    4) Referral to the Connecticut Attorney General for prosecution under 47 U.S.C. § 227(g).
    5) Such other relief as the Court may deem just and appropriate.

### COUNT III – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(2)

116.    The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

117.    Defendants violated regulations of the TCPA including, but not limited to, the following:

    i.    No person or entity may initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section.

47 CFR § 64.1200(a)(2).

118.    Defendants damaged Plaintiff by calling his cellular phone with telemarketing messages and using the limited minutes plan and limited text messages plan in Plaintiff's cellular telephone plan that Plaintiff purchased.

119.    As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

120.    Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

    1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
    2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
    3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
    4) Referral to the Connecticut Attorney General for prosecution under 47 U.S.C. § 227(g).
    5) Such other relief as the Court may deem just and appropriate.

**COUNT IV – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(1)**

121.    The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

122.    Defendants violated regulations of the TCPA including, but not limited to, the following:

    i.    All artificial or prerecorded voice telephone messages shall at the beginning of

the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated.

47 CFR § 64.1200(b)(1).

123.   Since Defendants did not properly identify themselves to Plaintiff during the

prerecorded message, Defendants' conduct damaged Plaintiff by forcing him to incur

expenses to conduct further research to determine who was actually calling Plaintiff.

124.   As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

125.   Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1)   Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2)   Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3)   Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4)   Referral to the Connecticut Attorney General for prosecution under 47 U.S.C. § 227(g).
5)   Such other relief as the Court may deem just and appropriate.

**COUNT V – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(3)**

126.   The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

127.   Defendants violated regulations of the TCPA including, but not limited to, the

following:

i.   In every case where the artificial or prerecorded voice telephone message

19

includes or introduces an advertisement or constitutes telemarketing and is delivered to a residential telephone line or any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii), provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request.

47 CFR § 64.1200(b)(3).

128. Since Defendants did not provide an opt-out mechanism to Plaintiff during the prerecorded message, Defendants' conduct damaged Plaintiff by forcing him to incur expenses from further phone calls or prerecorded messages to Plaintiff's cellular telephone.

129. As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

130. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

   1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
   2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
   3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
   4) Referral to the Connecticut Attorney General for prosecution under 47 U.S.C. § 227(g).
   5) Such other relief as the Court may deem just and appropriate.

**COUNT VI – Telephone Consumer Protection Act – 47 CFR § 64.1200(c)(2)**

131. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

132. Defendants violated regulations of the TCPA including, but not limited to, the following:

20

i.      No person or entity shall initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

47 CFR § 64.1200(c)(2).

ii.      The rules set forth in paragraph (c) and (d) of this section [47 CFR § 64.1200] are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991."

47 CFR § 64.1200(e).

133.   Since Defendants called Plaintiff's cellular telephone while his telephone was on the National Do Not Call Registry, Defendants' conduct damaged Plaintiff by forcing him to incur expenses from further phone calls or text messages to Plaintiff's cellular telephone.

134.   As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

135.   Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Connecticut Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT VII – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(1)**

136. The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

137. Defendants violated regulations of the TCPA including, but not limited to, the

following:

    i.    Written policy.  Persons or entities making calls for telemarketing purposes
must have a written policy, available upon demand, for maintaining a do-not-
call list.

47 CFR § 64.1200(d)(1).

138. Defendants do not maintain a do-not-call list because they claim they are legally

forbidden from removing phone numbers from their database.

139. As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

140. Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

    1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
    2) Statutory Damages in the amount of $1,500 for each such violation
pursuant to 47 U.S.C. § 227(b)(3);
    3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
    4) Referral to the Connecticut Attorney General for prosecution under 47
U.S.C. § 227(g).
    5) Such other relief as the Court may deem just and appropriate.

**COUNT VIII – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(2)**

141. The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

142.    Defendants violated regulations of the TCPA including, but not limited to, the

following:

ii.    Training of personnel engaged in telemarketing.  Personnel engaged in any
aspect of telemarketing must be informed and trained in the existence and use
of the do-not-call list.

47 CFR § 64.1200(d)(2).

143.    Defendants do not maintain a do-not-call list because they claim they are legally

forbidden from removing phone numbers from their database.

144.    As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

145.    Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation
   pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Connecticut Attorney General for prosecution under 47
   U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT IX – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(3)**

146.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

147.    Defendants violated regulations of the TCPA including, but not limited to, the

following:

iii.    Recording, disclosure of do-not-call requests. If a person or entity making a call

23

for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

47 CFR § 64.1200(d)(3).

148.   Defendants refused to record or honor Plaintiff's repeated do not call requests.

149.   As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

150.   Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Connecticut Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT X – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(4)**

151.   The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

152. Defendants violated regulations of the TCPA including, but not limited to, the

following:

    iv.    Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.

47 CFR § 64.1200(d)(4).

153. Since Defendants did not identify the name of the caller, Defendants' conduct

damaged Plaintiff by forcing him to incur expenses to determine who called

Plaintiff's cellular telephone.

154. Since Defendants did not identify the name of the entity on whose behalf the call is

being made, Defendants' conduct damaged Plaintiff by forcing him to incur expenses

to determine who called Plaintiff's cellular telephone.

155. Since Defendants did not identify the telephone number of the caller, Defendants'

conduct damaged Plaintiff by forcing him to incur expenses to determine who called

Plaintiff's cellular telephone.

156. Since Defendants did not identify the address of the caller, Defendants' conduct

damaged Plaintiff by forcing him to incur expenses to determine who called

Plaintiff's cellular telephone.

157. As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

158. Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Connecticut Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XI – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(5)

159.   The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

160.   Defendants violated regulations of the TCPA including, but not limited to, the following:

v.   Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

47 CFR § 64.1200(d)(5).

161.   Defendants did not apply Plaintiff's do not call requests to the particular business entity making the calls.

162.   As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

163.   Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Connecticut Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT XII – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(6)**

164.   The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

165.   Defendants violated regulations of the TCPA including, but not limited to, the following:

vi.   Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 CFR § 64.1200(d)(6).

166.   Defendants did not maintain Plaintiff's do not call requests because Defendants refuse to honor Plaintiff's requests.

167.   As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

168.   Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation

pursuant to 47 U.S.C. § 227(b)(3);

3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Connecticut Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT XIII – Telephone Consumer Protection Act– 47 U.S.C. § 227(c)(5)**

169.  The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

170.  Defendants' violations of the TCPA include, but are not limited to, the following:

  i.      Placing more than one telephone call to Plaintiff's cellular phone without consent in violation of the TCPA regulations.

171.  As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

172.  Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

  1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
  2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
  3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
  4) Referral to the Connecticut Attorney General for prosecution under 47 U.S.C. § 227(g).
  5) Such other relief as the Court may deem just and appropriate.

**COUNT XIV – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(1)(iii)**

173.  The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

174.  Defendants violated regulations of the TCPA including, but not limited to, the

following:

    i.   No person or entity may use an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 CFR § 64.1200(a)(1)(iii).

175.  Defendants damaged Plaintiff by calling and texting his cellular phone and using the

limited minutes plan and limited text messages plan in his cellular telephone plan

that Plaintiff purchased.

176.  As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 for each such violation and an injunction

prohibiting future conduct in violation of the TCPA.

177.  Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Connecticut Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XV – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(2)

178.  The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

179.  Defendants violated regulations of the TCPA including, but not limited to, the

following:

    i.    No person or entity may initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section.

47 CFR § 64.1200(a)(2).

180.    Defendants damaged Plaintiff by calling his cellular phone with telemarketing messages and using the limited minutes plan and limited text messages plan in Plaintiff's cellular telephone plan that Plaintiff purchased.

181.    As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

182.    Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Connecticut Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

## COUNT XVI – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(1)

183.    The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

184.    Defendants violated regulations of the TCPA including, but not limited to, the following:

     i.    All artificial or prerecorded voice telephone messages shall at the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated.

47 CFR § 64.1200(b)(1).

185.    Since Defendants did not properly identify themselves to Plaintiff during the prerecorded message, Defendants' conduct damaged Plaintiff by forcing him to incur expenses to conduct further research to determine who was actually calling Plaintiff.

186.    As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

187.    Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

    1)  Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
    2)  Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
    3)  Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
    4)  Referral to the Connecticut Attorney General for prosecution under 47 U.S.C. § 227(g).
    5)  Such other relief as the Court may deem just and appropriate.

## COUNT XVII – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(3)

188.    The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

189.    Defendants violated regulations of the TCPA including, but not limited to, the following:

    i.    In every case where the artificial or prerecorded voice telephone message includes or introduces an advertisement or constitutes telemarketing and is delivered to a residential telephone line or any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii), provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request.

47 CFR § 64.1200(b)(3).

190.    Since Defendants did not provide an opt-out mechanism to Plaintiff during the prerecorded message, Defendants' conduct damaged Plaintiff by forcing him to incur expenses from further phone calls to Plaintiff's cellular telephone.

191.    As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

192.    Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(a
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Connecticut Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT XVIII – Telephone Consumer Protection Act – 47 CFR § 64.1200(c)(2)**

193.    The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

194.    Defendants violated regulations of the TCPA including, but not limited to, the following:

i.   No person or entity shall initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

47 CFR § 64.1200(c)(2).

ii.   The rules set forth in paragraph (c) and (d) of this section [47 CFR § 64.1200] are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991."

47 CFR § 64.1200(e).

195.   Since Defendants called Plaintiff's cellular telephone while his telephone was on the National Do Not Call Registry, Defendants' conduct damaged Plaintiff by forcing him to incur expenses from further phone calls and text messages to Plaintiff's cellular telephone.

196.   As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

197.   Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Connecticut Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT XIX – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(1)**

198. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

199. Defendants violated regulations of the TCPA including, but not limited to, the following:

    vii. Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

                              47 CFR § 64.1200(d)(1).

200. Defendants do not maintain a do-not-call list because they claim they are legally forbidden from removing phone numbers from their database.

201. As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

202. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

    1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
    2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
    3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
    4) Referral to the Connecticut Attorney General for prosecution under 47 U.S.C. § 227(g).
    5) Such other relief as the Court may deem just and appropriate.

**COUNT XX – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(2)**

203. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

204.   Defendants violated regulations of the TCPA including, but not limited to, the

following:

    viii.   Training of personnel engaged in telemarketing.  Personnel engaged in any
    aspect of telemarketing must be informed and trained in the existence and use
    of the do-not-call list.

47 CFR § 64.1200(d)(2).

205.   Defendants do not maintain a do-not-call list because they claim they are legally

forbidden from removing phone numbers from their database.

206.   As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

207.   Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation
pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Connecticut Attorney General for prosecution under 47
U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XXI – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(3)

208.   The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

209.   Defendants violated regulations of the TCPA including, but not limited to, the

following:

    ix.   Recording, disclosure of do-not-call requests. If a person or entity making a call

for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

47 CFR § 64.1200(d)(3).

210. Defendants refused to record or honor Plaintiff's repeated do not call requests.

211. As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

212. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Connecticut Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT XXII – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(4)**

213. The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

214.    Defendants violated regulations of the TCPA including, but not limited to, the

following:

    x.    Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.

47 CFR § 64.1200(d)(4).

215.    Since Defendants did not identify the name of the caller, Defendants' conduct

damaged Plaintiff by forcing him to incur expenses to determine who called

Plaintiff's cellular telephone.

216.    Since Defendants did not identify the name of the entity on whose behalf the call is

being made, Defendants' conduct damaged Plaintiff by forcing him to incur expenses

to determine who called Plaintiff's cellular telephone.

217.    Since Defendants did not identify the telephone number of the caller, Defendants'

conduct damaged Plaintiff by forcing him to incur expenses to determine who called

Plaintiff's cellular telephone.

218.    Since Defendants did not identify the address of the caller, Defendants' conduct

damaged Plaintiff by forcing him to incur expenses to determine who called

Plaintiff's cellular telephone.

219.    As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

220.    Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Connecticut Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XXIII – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(5)

221.  The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

222.  Defendants violated regulations of the TCPA including, but not limited to, the following:

xi.  Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

47 CFR § 64.1200(d)(5).

223.  Defendants did not apply Plaintiff's do not call requests to the particular business entity making the calls.

224.  As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

225.  Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

38

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Connecticut Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XXIV – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(6)

226. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

227. Defendants violated regulations of the TCPA including, but not limited to, the following:

xii. Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 CFR § 64.1200(d)(6).

228. Defendants did not maintain Plaintiff's do not call requests because Defendants refuse to honor Plaintiff's requests.

229. As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

230. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation

pursuant to 47 U.S.C. § 227(c)(5);

3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Connecticut Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

## COUNT XXV – CUTPA

231.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

232.   Defendants violated the restrictions the CUTPA imposes on them prohibiting Defendants from using unfair or deceptive acts or practices in violation of Conn. Gen. Stat. § 42-110b *et seq.*

233.   Defendants engaged in unfair or deceptive means to obtain money from a consumer.

234.   As a result of such conduct and actions, the Plaintiff has suffered actual damages, in an amount to be determined by the court, and he may recover therefore pursuant to Conn. Gen. Stat. § 42-110g.

235.   Such conduct and actions of Defendants were willful, egregious, wicked, and, as a result, the Plaintiff is entitled to punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

236.   The Plaintiff is entitled to an award of attorney's fees pursuant to Conn. Gen. Stat. § 42-110g.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages;
2) Punitive Damages;
3) Costs and attorney fees;
4) Injunctive Relief;
5) Such other relief as the Court may deem just and appropriate.

## COUNT XXVI – INVASION OF PRIVACY

237.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

238.   Defendants intentionally intruded upon the seclusion of Plaintiff's private affairs with relentless text messaging after being told repeatedly to stop.

239.   Defendants' intrusion is highly offensive to a reasonable person.

240.   As a result of such conduct and actions, the Plaintiff has suffered actual damages, in an amount to be determined.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

    1) Actual Damages pursuant to common law;
    2) Injunctive Relief to restrain and enjoin Defendants from violating Plaintiff's privacy.
    3) Such other relief as the Court may deem just and appropriate.

## COUNT XXVII – Conn. Gen. Stat. § 52-570c

241.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

242.   Defendants used a machine that electronically transmits facsimiles through connection with a telephone network or a device that automatically transmits a recorded telephone message to transmit unsolicited advertising material or an unsolicited telephone message which offers to sell goods or services in violation of Conn. Gen. Stat. § 52-570c(a).

243.   Defendants are not email service providers or internet access providers.

244.   Defendants are not tax-exempt nonprofit organizations, political or candidate committees, or candidates, or solicitors.

245.   As a result of such conduct and actions, the Plaintiff has suffered actual damages.

41

246.    The Plaintiff is entitled to an award of statutory damages in the amount of $500 per

violation pursuant to Conn. Gen. Stat. § 52-570c(d).

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Statutory Damages in the amount of $500 for each violation;
2) Injunctive Relief to restrain and enjoin Defendants from further violations.
3) Such other relief as the Court may deem just and appropriate.

## JURY DEMAND

Plaintiff requests a trial by jury on all Counts.

The Plaintiff,

*/s/ Christopher Laccinole*
Christopher M. Laccinole
23 Othmar St.
Narragansett, RI 02882
chrislaccinole@gmail.com

PRIORITY®
MAIL

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.
Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.

FROM: Chris Laccinole
23 OTHMAR ST.
NARRAGANSETT RI 02882

TO:
Clerk US DISTRICT COURT
141 CHURCH STREET
NEWHAVEN, CT 06510

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE.

7020 1810 0001 1200 5145

estic use.
50 of insurance (restrictions apply).
d many international destinations.

aration form is required.
arding claims exclusions see the
or availability and limitations of coverage.